UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL BENNETT,

      Plaintiff,                                        No. 12-15405

v.                                              District Judge Thomas L. Ludington
                                                       Magistrate Judge R. Steven Whalen

CORRECTIONAL MEDICAL SERVICES,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

      On December 4, 2012, Plaintiff Neil Bennett, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Before the Court is a Motion to Dismiss [Doc. #14] filed by Defendant Correctional Medical Services ("CMS"), which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

**I.    FACTS**

      In his complaint, Plaintiff alleges that in October of 2008, he noticed swelling in his right testicle. The medical contractor for the MDOC at the time was Defendant CMS.[1] Plaintiff alleges that MDOC medical staff requested an outside consultation regarding this issue, but that CMS, believing the swelling was not important, denied those

---

[1] The MDOC's contract with CMS ended on March 31, 2009, and was not renewed.

requests on November 5, 2008, November 26, 2008, and December 6, 2008. Plaintiff alleges that finally, on March 4, 2009, CMS gave approval for an outside consultation. *Complaint*, ¶ 9.

Plaintiff alleges that the physician he saw, a Dr. Pinson, "was visibly angry and stated that he should have been consulted long before it reached its current size on 3/4/09." Plaintiff underwent surgery on April 3, 2009, and Dr. Pinson informed him "that the delay in treatment would result in scarring and pain issues for life. Dr. Pinson could not inform Plaintiff if he could still procreate due to the delay tactics by C.M.S." *Id.*

Plaintiff states that on August 9, 2011, he was seen by a physician's assistant, who noted scarring and deformation of the right testicle. Plaintiff complained of constant pain. The P.A. requested a prescription for Ultram for pain, but Prison Health Services, the current medical contractor, approved only Naproxyn. Plaintiff states that he continues to "live[] with daily pain due to the delay tactics of C.M.S. and also permanent physical disfigurement." *Id.*

Defendant CMS moves to dismiss based on the statute of limitations and Plaintiff's alleged failure to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as

true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

### III.   DISCUSSION

The statute of limitations for cases arising in Michigan that are brought under § 1983 "is the state's three-year limitations period for personal injury claims." *Drake v. City of Detroit,* 266 Fed.Appx. 444, 448 (6th Cir. 2008)(citing M.C.L. § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004)). The complaint in this case was filed on December 4, 2012. The salient questions are (1) when does the limitations period begin to run, (2) how much time was tolled during the administrative exhaustion process, and (3) when was the complaint filed.

"Under federal law as developed in this Circuit, the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the

basis of his or her injury has occurred." *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996) (citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991)). "Stated differently, '[i]n determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights.' " *Cooey v. Strickland,* 479 F.3d 412, 416 (6th Cir.2007) (quoting *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 856 (6th Cir.2003)). "We must therefore look at when the harm in question occurred, guided by the principle that '[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.' " *Cooey,* 479 F.3d at 416 (quoting *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984)).

In his complaint, the Plaintiff alleges that on March 4, 2009, Dr. Pinson expressed anger that he was not consulted earlier. On April 3, 2009, following surgery, Dr. Pinson was more direct and specific: he told the Plaintiff that he would suffer scarring and pain issues for life as a result of the delay in treatment. Therefore, the latest date on which Plaintiff would have had reason to know that he suffered harm because of CMS's delay in authorizing treatment was April 3, 2009.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires exhaustion of administrative remedies before a lawsuit challenging conditions of confinement is filed. "For this reason, the statute of limitations which applie[s] to [a plaintiff's] civil rights action [is] tolled for the period during which his available state remedies [are] being exhausted." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)(citing *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999)). I will assume, for purposes of the statute of limitations argument, that Plaintiff's grievance properly exhausted his claim against CMS. Plaintiff has attached the grievance documentation to his complaint. He filed a

Step One grievance on August 14, 2011.  A Step Three Grievance Response was issued on December 20, 2011, and mailed to Plaintiff on January 4, 2012. Thus, the statute of limitations was tolled for a period of approximately four and one-half months (August 14, 2011 to January 4, 2012).

So, the statute of limitations began to run on April 3, 2009, and but for tolling, would have expired on April 3, 2012.  However, we add four and one-half months for the tolling period, which results in an expiration of the statute of limitations in late August, 2012.  The complaint was filed on December 4, 2012.  Therefore, Defendant is entitled to dismissal.[2]

### IV.  CONCLUSION

I recommend that CMS's Motion to Dismiss [Doc. #14] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

---

[2] Given that dismissal is required based on the statute of limitations, it is not necessary to address Defendant's alternative argument that Plaintiff did not properly exhaust his administrative remedies.

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 31, 2014

                            s/R. Steven Whalen
                            R. STEVEN WHALEN
                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the aforemented document was sent to parties of record on January 31, 2014, electronically and/or by U.S. mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable R. Steven Whalen