UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NEIL BENNETT,

       Plaintiff,                              Case No. 12-15405
                                               Honorable Thomas L. Ludington

v.

CORRECTIONAL MEDICAL
SERVICES,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

Neil Bennett is currently a prison inmate in the custody of the Michigan Department of Corrections (MDOC). On December 4, 2012, Bennett filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that Defendant Correctional Medical Services (CMS) was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

On July 25, 2013, CMS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was referred to United States Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b)(1)(B), and on January 31, 2014, Judge Whalen issued a report recommending that CMS's motion to dismiss be granted and Bennett's complaint be dismissed with prejudice. *See* Report & Rec. 1, ECF No. 22. Specifically, Judge Whalen concluded that CMS is entitled to dismissal because the applicable statute of limitations expired before Bennett filed his complaint. *Id*. at 5.

Bennett filed objections to Judge Whalen's report on February 19, 2014. Based on what follows, those objections will be overruled, Judge Whalen's report and recommendations will be adopted, and Bennett's complaint will be dismissed with prejudice.

**I**

In his complaint, Bennett alleges that in October 2008 he noticed swelling in his right testicle.[1] MDOC's medical contractor at the time was CMS.[2] Bennett alleges that he scheduled a medical examination by CMS, but staff "ignored" the swelling. Bennett made requests for outside consultation on November 5, November 26, and December 6, 2008, but CMS denied each request. *See* Pl.'s Compl. ¶ 9, ECF No. 1. Finally, on March 4, 2009, CMS "gave approval for outside consultation." *Id*.

Bennett met with Doctor Tony Pinson on March 4, 2009. In his complaint, Bennett alleges that Dr. Pinson "was visibl[y] angry and stated that he should have been consulted long before [Bennett's testicle] reached it's [sic] current size on 3/4/09." *Id*. Dr. Pinson recommended that Bennett undergo a hydrocelectomy (otherwise known as a hydrocele repair) to remove a testicular hydrocele that had formed in Bennett's scrotum. The surgery was conducted on April 3, 2009.

According to Bennett, after surgery, Dr. Pinson informed him "that the delay in treatment would result in scaring [sic] and pain issues for life." *Id*. Bennett also alleges that Dr. Pinson indicated it was possible he would be unable to "procreate due to the delay tactics by C.M.S." *Id*.

---

[1] In an affidavit attached to his objections, however, Bennett indicates that he noticed the swelling in his testicle in July 2007, and that he learned he suffered from "testicular hydrocele" on September 26, 2007. Bennett Aff. ¶¶ 1, 2, *attached as* Pl.'s Obj. Ex. A.

[2] MDOC's contract with CMS ended on March 31, 2009, and was not renewed.

Eventually, on August 18, 2011, Bennett filed a Step I grievance with MDOC. *See* Pl.'s Compl. Ex. 1. In the grievance form, Bennett alleged that CMS made him "wait until [his] right testicle, (swollen from hydrocele) reached an enormous pre-determined measured size before allowing outside follow-up and surgery. . . . This negligent delay is the cause of severe post surgery scarring of the testicle . . . which has caused the testicle to become severely deformed/banana shaped." *Id*. According to Bennett, the scar tissue covering the testicle "has a hardening effect which causes great pain and suffering on a daily basis." *Id*. Bennett's Step I grievance was denied on September 11, 2011. *Id*.

Bennett then filed a Step II grievance (an appeal of the Step I grievance) which was denied on October 31, 2011, *see* Pl.'s Compl. Ex. 2, and a Step III grievance which was denied on January 4, 2012, *see* Pl.'s Compl. Ex. 3. Finally, on December 4, 2012, Bennett filed the complaint in this action.

## II

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement showing that the pleader is entitled to relief." To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)). A claim is plausible when the plaintiff pleads factual content sufficient to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Generally, however, a Rule 12(b)(6) motion to dismiss should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.

2003) (emphasis in original) (quoting *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975)).

### III

Judge Whalen concluded that Bennett's complaint comes too late, and thus CMS's motion to dismiss should be granted. *See* Report & Rec. 5. Bennett filed objections to Judge Whalen's report, arguing that Judge Whalen's conclusions regarding the applicable statute of limitations are erroneous. Upon review, Judge Whalen is correct, and Bennett's complaint will be dismissed.

### A

The statute of limitations for § 1983 cases arising in Michigan is three years. *See Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (Michigan's three-year statute of limitations "is borrowed for § 1983 claims"); Mich. Comp. Laws § 600.5805 ("the period of limitations is 3 years . . . for injury to a person or property."). In the Sixth Circuit, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). In other words, "in determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (brackets and citation omitted).

The Prison Litigation Reform Act requires exhaustion of administrative remedies before the filing of a lawsuit challenging the conditions of confinement. *See* 42 U.S.C. § 1997e(a). "For this reason, the statute of limitations which applie[s] to [a plaintiff's] civil rights action [is]

tolled for the period during which his available state remedies [are] being exhausted." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (citations omitted).

**B**

Assuming that Bennett properly exhausted his administrative remedies through the three-step grievance process,[3] the statute of limitations was tolled from August 18, 2011 (the date he filed the Step I grievance), through January 4, 2012 (the date his Step III grievance was denied). Accordingly, the statute of limitations was paused for 140 days. So the question becomes: Taking into account this 140-day tolling period, did Bennett file a complaint within three years of the accrual of his claim?

Judge Whalen concluded that he did not. Because Dr. Pinson told Bennett on April 3, 2009, that he would suffer scarring and pain "for life" as a result of the delay in treatment, Judge Whalen considered April 3, 2009, "the latest date on which [Bennett] would have had reason to know that he suffered harm because of CMS's delay in authorizing treatment . . . ." Report & Rec. 4. Starting with April 3, 2009, and adding 140 days for the time Bennett spent exhausting the available administrative remedies, Bennett must have filed his complaint on or before August 21, 2012, for it to be timely under Michigan's three-year statute of limitations. Noting that the complaint was not filed until more than three months later, Judge Whalen concluded it should be dismissed as untimely.

Bennett objects to that conclusion. He first cites to 42 U.S.C. § 1997e(e), which provides that "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." He then argues that on April 3, 2009, "Dr. Pinson (actually) stated that [Bennett] 'may' have scarring and pain in the future." Pl.'s Obj. 1.

---

[3] In its motion to dismiss, CMS also alleges that Bennett failed to properly exhaust his administrative remedies.

Bennett argues that he did not suffer an actual "injury" as of April 3, 2009, and thus he could not file his suit at that time due to the requirements of § 1997e(e). *Id.* at 2.

Of course, Bennett has omitted the crucial component of § 1997e(e)—that it applies to actions "for mental or emotional injury." *See Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002) ("Section 1997e(e) refers only to claims for mental or emotional suffering"). Bennett is not alleging an action for merely mental or emotional injury, and thus § 1997e(e) would not apply to bar his claims.

Bennett proceeds, arguing that "[t]he EXACT DATE in which [he] knew/understood or realized that he had an actual RESIDUAL INJURY caused by (CMS's) delay in treatment of his testicular hydrocele was on August 9, 2011 . . . ." Pl.'s Obj. 3. But this argument is without merit.

Indeed, the Sixth Circuit has established that a claim accrues when "the plaintiff knows or has reason to know *of the injury that is the basis of the action*." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (emphasis added) (citation omitted). Bennett's action is based on CMS's delay in authorizing outside consultation, and Bennett was aware of this delay at least as of April 3, 2009. Moreover, on April 3, Dr. Pinson informed Bennett that the delay could cause scarring and lifelong pain. So even if Bennett had yet to suffer that scarring and lifelong pain, he certainly was aware that "the act providing the basis of his" injury had occurred. *Collyer*, 98 F.3d at 220. Accordingly, Judge Whalen is correct, and the statute of limitations concerning Bennett's claim began to run—at the latest—on April 3, 2009. Because Bennett did not file his lawsuit within three years of that date, accounting for the 140 days he spent exhausting administrative remedies, his complaint is untimely and will be dismissed.

## IV

Accordingly, it is **ORDERED** that Bennett's objections, ECF No. 23, are **OVERRULED**.

It is further **ORDERED** that Judge Whalen's report and recommendations, ECF No. 22, are **ADOPTED**.

It is further **ORDERED** that CMS's motion to dismiss, ECF No. 14, is **GRANTED**.

It is further **ORDERED** that Bennett's complaint, ECF No. 1, is **DISMISSED** with prejudice. This is a final order and closes the case.

Dated: February 27, 2014    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Neil Bennett #620691, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, Michigan 49221 by first class U.S. mail, on February 27, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS