UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NEIL BENNETT,

        Plaintiff,                                      Case No. 12-15405
                                                          Honorable Thomas L. Ludington

v.

CORRECTIONAL MEDICAL
SERVICES,

        Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Neil Bennett is currently a prison inmate in the custody of the Michigan Department of Corrections. On December 4, 2012, Bennett filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that Defendant Correctional Medical Services (CMS) was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

On July 25, 2013, CMS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was referred to United States Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b)(1)(B), and on January 31, 2014, Judge Whalen issued a report recommending that CMS's motion to dismiss be granted and Bennett's complaint be dismissed with prejudice. *See* Report & Rec. 1, ECF No. 22. Judge Whalen's report and recommendations were adopted—over Bennett's objections—on February 27, 2014. Bennett filed a notice of appeal on March 7, 2014. After filing his notice of appeal, Bennett filed a motion for relief from judgment, in this Court, pursuant to Federal Rule of Civil Procedure 60(b).

Although "[a]s a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals[,]" the Sixth Circuit "has

consistently held that a district court retains jurisdiction to proceed with matters that are in aid of the appeal." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981) (citations omitted). In *First Nat. Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976), the Sixth Circuit set forth the procedure for the precise circumstance faced here: when a plaintiff first files notice of an appeal and then returns to the district court with a motion or request pursuant to Rule 60(b). *Id*. at 346.

The court in *Hirsch* established that the "party seeking to file a Rule 60(b) motion . . . should . . . file[] that motion in the district court." *Id*. If the district judge is "disposed to grant the motion, he may enter an order so indicating and the party may then file a motion to remand in this court. Otherwise, the appeal will be considered in the regular course." *Id*; *see also Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005) ("the proper procedure is . . . to file [the Rule 60(b)] motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case").

As noted above, Bennett filed his Rule 60(b) motion after his notice of appeal, and so this Court technically lacks jurisdiction over the issue. But in any event, upon consideration, Bennett's motion is without merit, and so his appeal should proceed "in the regular course."

Federal Rule of Civil Procedure 60 allows a court to relieve a party from a final judgment due to, among other things, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Bennett advances three arguments for why the Court's adoption of Judge Whalen's report and recommendation was a "mistake" that should be corrected pursuant to Rule 60(b)(1).

First, Bennett indicates that "imprisonment is a disability under Michigan Law to toll any statute of limitation, MCL 600.5851." Pl.'s Mot. 2, ECF No. 31. Bennett's argument is essentially that because he is imprisoned, any statute of limitations that would otherwise apply to him is automatically tolled. But Mich. Comp. Laws § 600.5851(9) only tolls a statute of

limitations "[i]f a person was serving a term of imprisonment on the effective date of the 1993 amendatory act that added this subsection, and that person has a cause of action to which the disability of imprisonment would have been applicable under the former provision of this section . . . ." Bennett has advanced no evidence that he was imprisoned "on the effective date of the 1993 amendatory act," or any authority that the "disability of imprisonment would have been applicable" to his cause of action.

And, more importantly, Bennett's argument is untenable. Pursuant to his logic, no statute of limitations would ever apply to prisoners in Michigan. This is simply not the case. *See*, *e.g.*, *Beebe v. Birkett*, 749 F. Supp. 2d 580, 596 (E.D. Mich. 2010) (applying Michigan's three-year statute of limitations to Michigan prisoner to bar claims that accrued more than three years prior to that prisoner's complaint). The statute of limitations for § 1983 cases arising in Michigan is three years. *See Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); Mich. Comp. Laws § 600.5805. Because Bennett filed his complaint more than three years after his claims accrued, those claims were properly dismissed. Applying the three-year statute of limitations to Bennett's claims, despite his status as a prisoner, was not a "mistake" entitling him to relief from judgment.

Second, Bennett argues that it was error for this Court to determine when his claim accrued because that question "must be determined by a jury." Pl.'s Mot. 2. Bennett is incorrect; if he were not, then statutes of limitations could never be applied at the summary judgment stage to bar a plaintiff's claims (for at that point, no jury has declared when the claims accrued). The Sixth Circuit has frequently applied statutes of limitations to bar claims without a jury ever establishing when the claims accrued. *See*, *e.g.*, *Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 273 (6th Cir. 2001) (applying statute of limitations at summary judgment stage to bar

"Plaintiffs' federal claims"). So although the question of "*when* a plaintiff has" knowledge of an injury "is necessarily fact-intenstive[,]" *Hertz v. United States*, 560 F.3d 616, 619 (6th Cir. 2009) (emphasis in original), a court does not overstep its bounds by establishing when a claim accrues for statute-of-limitations purposes. *See id*. (affirming district court's determination of when a claim accrued and subsequent conclusion that this occurred outside of the statute-of-limitations period, making the related claims untimely). This argument does not entitle Bennett to the relief he seeks.

Finally, Bennett represents that he did not actually know of his alleged harm until August 9, 2011—well within three years of the date he filed his complaint. *See* Pl.'s Mot. 3. The Court addressed this argument at length en route to adopting Judge Whalen's report and recommendation. *See* Feb. 27, 2014 Op. & Order 5–6, ECF No. 24. A treating physician informed Bennett on April 3, 2009, that he would suffer scarring and pain "for life" as a result of a delay in treatment, and thus April 3, 2009, was "the latest date on which [Bennett] would have had reason to know that he suffered harm because of CMS's delay in authorizing treatment . . . ." *Id*. at 5 (quoting Report & Rec. 4, ECF No. 22). Bennett has raised no evidence demonstrating that the Court mistakenly determined April 3, 2009, to be the date his claims accrued.

Because Bennett's arguments are without merit, the Court would not grant his Rule 60 motion even if jurisdiction was proper.

Accordingly, it is **ORDERED** that Bennett's Rule 60(b) motion for relief from judgment, ECF No. 31, is **DENIED**.

Dated: April 24, 2014                                      s/Thomas L. Ludington
                                                                             THOMAS L. LUDINGTON
                                                                             United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Neil Bennett #620691, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, Michigan 49221 by first class U.S. mail, on April 24, 2014.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS